FILED
2008 AUG 29 PM 2:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal No. 08cr1241-WQH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | PRELIMINARY ORDER OF |
| v. | ) | CRIMINAL FORFEITURE |
| | ) | |
| LAWRENCE LESTER NIXON, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all rights, title and interest in specific properties of the above-named defendant pursuant to 18 U.S.C. § 2253 as properties used or intended to be used to commit or promote the offenses charged in the Information; and

WHEREAS, on or about May 27, 2008, the above-named Defendant, LAWRENCE LESTER NIXON ("Defendant"), pled guilty to an Information before Magistrate Judge William McCurine, Jr., and on August 26, 2008, this Court accepted the guilty plea of Defendant, which plea included consent to the criminal forfeiture allegation pursuant to Title 18 as set forth in the Information; and

WHEREAS, by virtue of facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, pursuant to Rule 32(d)(2), the United States having requested the authority to seize the following properties which were listed in the Information and found forfeitable by the Court, namely:

//

1      (1)    Dell Dimension 8300 mid-tower computer, serial number 5GKWW41, with Seagate hard drive, model ST3120026AS, serial number 3JT4G3YV;

3      (2)    External hard drive ACOM model HD080FE, Firewire interface, Maxtor model D740X-6L, serial number 664134015833; and

5  WHEREAS, the United States having submitted the Order herein to the Defendant through his attorney of record to review, and the Defendant having failed to raise any objections to the timing and form of the order;

8  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

9  1.    Based upon the guilty plea of the Defendant, the United States is hereby authorized to seize the following properties, and all rights, title and interest of LAWRENCE LESTER NIXON in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 2253(m):

13      (1)    Dell Dimension 8300 mid-tower computer, serial number 5GKWW41, with Seagate hard drive, model ST3120026AS, serial number 3JT4G3YV;

15      (2)    External hard drive ACOM model HD080FE, Firewire interface, Maxtor model D740X-6L, serial number 664134015833.

17  2.    The aforementioned forfeited properties are to be held by Customs and Border Protection in its secure custody and control.

19  3.    Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the Marshals Service's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

27  //

28  //

4. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

5. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 18 U.S.C. § 2253(m), in which all interests will be addressed.

DATED: 8/29/08

WILLIAM Q. HAYES, Judge
United States District Court